Daniel Judge.
 

 Three qtíésíions arise in this Case.— First, whether parol evidence could be received to shew when the writ issued. We are of the opinion that the court was correct in overruling the objection to this- evidence. The act of Assemby directs the clerk to mark the day of issuing process:' this is only directory under a penalty; there is nothing in the act confining the proof of the time to the mark of the clerk oh the writ. It was a fact to be proved by the best evidence the nature of the case admitted,
 
 Boyden
 
 vs.
 
 O’Deneal,
 
 1 Dev. 171. Secondly, to support the plea of justification, the defendant tendered evidence to shew that he had commenced a prosecution against Enlow and Southerland for burning the papers, before the prosecution had been commenced against him. And he
 
 *312
 
 also proposed to shewn, that he was applied to by one An- ^ t0 Perm*t the Parties t0 compromise and stop the proceedings, and that he refused; and this, a short time after the conversation with Jenkins, but he, Jenkins, not being present. Wé are of the opinion that this evidence was properly rejected.
 
 Hamilton
 
 v. Smith, 2 Dev. & Bat. 274, was an action for slander, and we then held that transactions between the defendant and others, to which the plaintiff was in no way privy, were not admissible in evidence against the plaintiff. In
 
 Murphy
 
 v.
 
 McNeil,
 
 2 Dev. & Bat. 244, we held that one party cannot give in evidence a conversation between himself and a third person in the absence of the other party. In
 
 Roberson
 
 v.
 
 Devane, 2
 
 Hay. Rep. 154, it was held, that after declarations of a party shall not be received to explain his former transactions; These authorities induce us to think that the decision of the Judge was correct.
 
 Thirdly,
 
 the Judge charged the jury that, if the plaintiff was mistaken in what he swore to on the indictment* the plea of
 
 “justifi
 
 cation” was not sustained. We hold that the Judge’s instruction in this respect was correct. The defamatory words complained of, charged upon the plaintiff the crime of perjury, and the plea of
 
 “justification"
 
 would have been essentially bad, if it had not contained all the averments, which, if true, established the crime of perjury — a wilful, corrupt aud false swearing. See 3d Chitty on Plead. 1033. And it was essential for the support of the plea to prove all its material allegations.
 

 Per CuriamJudgment of the Superior Court affirmed.